**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JEFERY BECKLEY, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:26-CV-02028-JAR-ADM** |
| **NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, et al.,** | |
| **Defendants.** | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiffs Jefery Beckley, individually, as heir and personal representative of the Estate of Chansi Long, and as parent and natural guardian of minors A.B. and O.B., bring this removal action asserting claims for wrongful death, negligence, and negligent hiring, training, and supervision against Defendants National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), BNSF Railway Corporation ("BNSF"), the City of Lawrence, Kansas, and several unnamed defendants. This matter is now before the Court on Amtrak's Motion to Dismiss (Doc. 13), BNSF's Motion to Dismiss (Doc. 14), Amtrak and BNSF's Motion to Conventionally File an Exhibit to Defendants' Motions to Dismiss (Doc. 15), and Amtrak and BNSF's Motion to Seal an Exhibit to Defendants' Motions to Dismiss (Doc. 16). For the reasons explained below, the Court grants Amtrak and BNSF's motions to dismiss and denies as moot their motions to file an exhibit conventionally and under seal.

## I.    Legal Standard

Amtrak and BNSF move to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations

that, assumed to be true, "raise a right to relief above the speculative level"[1] and include "enough facts to state a claim to relief that is plausible on its face."[2]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  The Court must accept the non-moving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]  The Court will view all well-pleaded factual allegations in the light most favorable to Plaintiffs.[6]

## II.    Facts

The following facts are alleged in Plaintiffs' Complaint.[7]  For purposes of deciding Amtrak and BNSF's motions, the Court assumes these facts to be true and draws all reasonable inferences in Plaintiffs' favor.

On the morning of November 23, 2023, Chansi Long ("Decedent") was walking along train tracks located within the city limits of Lawrence, Kansas.  The train tracks were owned, operated, and maintained by BNSF.  At approximately 8:06 a.m., an Amtrak passenger train with six cars and 131 passengers was traveling on the tracks behind Decedent.

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Id.* at 570.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[7] Doc. 1-1.

The engineer[8] operating the train had a direct line of sight and an unobstructed view of Decedent walking along the tracks with her back to the train.  The train struck and killed Decedent.  The engineer could have stopped the train before striking Decedent, but the train made no attempt to stop.

Amtrak maintained policies and procedures that dissuaded engineers from stopping trains, "even when there is a chance to do so to prevent death or serious injury."[9]  Furthermore, Amtrak and BNSF knew that pedestrian traffic regularly occurred on or near the section of track where Decedent was killed.  Decedent's death was the third fatality on that same section of track, although the Complaint does not specify the time period during which those fatalities occurred. Amtrak and BNSF took no preventative measures to warn pedestrians or prevent pedestrian traffic on the track.

## III.    Discussion

The Complaint asserts claims against all Defendants for wrongful death, negligence, and negligent hiring, training, and supervision.  Each claim is based on alleged negligence and therefore requires Plaintiffs to plausibly allege the same essential elements: (1) a duty owed to Decedent, (2) a breach of that duty, (3) causation, and (4) damages.[10]  Amtrak and BNSF move

---

[8] In their Complaint, Plaintiffs refer to the train operator as the "conductor."  However, because the person operating the train is commonly referred to as the "engineer," the Court uses the term "engineer" in this Order.  *See Oakes v. Mase*, 165 U.S. 363, 364 (1897) (referring to "an engineer operating a locomotive"); *Williams v. Union Pac. R.R. Co.*, 465 P.2d 975, 978 (Kan. 1970) (describing the "locomotive engineer" as the crew member at the controls who started the engine, applied air, sounded warnings, and engaged the emergency brake).

[9] Doc. 1-1 ¶ 27.

[10] *See Robbins v. City of Wichita*, 172 P.3d 1187, 1192 (Kan. 2007) ("To establish a claim for wrongful death based on negligence, a plaintiff must prove the existence of a duty, breach of the duty, injury, and a causal connection between the breach of the duty and the injury suffered."); *Manley v. Hallbauer*, 423 P.3d 480, 483 (Kan. 2018) ("A plaintiff asserting a negligence claim must prove: (1) a duty owed to the plaintiff, (2) breach of that duty, (3) causation between the breach of duty and the injury to plaintiff, and (4) damages suffered by the plaintiff." (citation modified)); *Downing v. Thompson*, No. 25-2225-EFM-BGS, 2025 WL 3652968, at *2 (D. Kan. Dec. 17, 2025) (applying Kansas law and explaining that to support a negligent hiring, training, supervision, or retention claim, "a plaintiff need only plead enough facts to plausibly state that an employer owed a duty of reasonable care, breached that duty, and caused damages").

to dismiss all three claims, arguing that the Complaint fails to allege facts showing that they breached any duty owed to Decedent under Kansas law.

Under Kansas law, "a railway company has the exclusive right to occupy its tracks,"[11] and "one who is on a railroad company's private right of way and at a point other than on a highway or at any other authorized crossing, without authority and for no purpose connected with the interests of the railroad company, has the status of a trespasser."[12]  For such a trespasser, a railroad company owes only the duty "not to willfully, wantonly or recklessly injure him."[13]

Here, the Complaint does not allege facts indicating that Decedent was on a highway, at an authorized crossing, on the tracks with authority, or on the tracks for any purpose connected with the railroad's interests.  Thus, under Kansas law, Decedent was a trespasser on the railroad tracks at the time of the accident.  Amtrak and BNSF therefore owed Decedent only the duty to refrain from willfully, wantonly, or recklessly injuring her.

Plaintiffs advance two theories for why Defendants' conduct was willful, wanton, or reckless.  First, Plaintiffs allege that Defendants knew pedestrian traffic regularly occurred on or near the section of track where Decedent was killed, knew this was the third fatality on the same section of track, and nevertheless failed to take remedial or preventative measures to prevent pedestrian traffic.  However, this theory is foreclosed by Kansas law.  In *Frazee*, the Kansas Supreme Court rejected a similar theory, explaining that "[t]he duty owed to a trespasser does not include a duty to take security measures to prevent trespassing."[14]  The court further stated that a railroad company "does not have a duty to fence its property to prevent trespassing," and

---

[11] *Frazee v. St. Louis-San Francisco Ry. Co.*, 549 P.2d 561, 564 (Kan. 1976).

[12] *Morris v. Atchison, T. & S. F. Ry. Co.*, 422 P.2d 920, 930 (Kan. 1967).

[13] *Frazee*, 549 P.2d at 564.

[14] *Id.* at 565.

that courts have "repeatedly recognized that there is ordinarily no duty on the railroad company to police its tracks and trains to prevent trespassing."[15]  Thus, Plaintiffs cannot plausibly allege willful, wanton, or reckless conduct based on Defendants' alleged failure to fence, barricade, warn, monitor, or otherwise prevent pedestrians from entering the tracks.

Second, Plaintiffs allege that the Amtrak engineer operating the Amtrak train had an unobstructed view of Decedent walking on the tracks in front of the train and could have stopped the train before striking her.  Plaintiffs also allege that Amtrak "has policies and procedures in place to dissuade [engineers] from stopping trains, even when there is a chance to do so to prevent death or serious injury."[16]  This theory also fails.  In *Morris*, the Kansas Supreme Court explained that if a trespasser's injury results from ordinary negligence before the trespasser's peril is discovered, the plaintiff cannot recover because the railroad has "no duty of maintaining a lookout to discover his presence."[17]  But if those in charge of the train "deliberately run down a trespasser in full view on the tracks," the railroad may be liable because the injury results from willful or wanton conduct rather than ordinary negligence.[18]

Although Plaintiffs allege that the engineer had "a direct line of sight with an unobstructed view" of Decedent walking on the tracks with her back to the train, that the engineer could have stopped the train before striking her, and that Amtrak maintained policies discouraging engineers from stopping trains "even when there is a chance to do so to prevent death or serious injury," those allegations do not plausibly show that the engineer deliberately

---

[15] *Id.*

[16] Doc. 1-1 ¶ 27.

[17] *Morris*, 422 P.2d at 930.

[18] *Id.*

ran Decedent down in full view on the tracks.[19]  Kansas law provides that "[a]n engineer . . . is not bound to stop a train whenever he sees a person ahead upon the railroad, but has a right to assume that an adult person, apparently in the possession of his faculties, will exercise his senses, and step out of the way of danger before the engine reaches him."[20]  The Complaint does not allege that Decedent was lying or sitting on the tracks, appeared intoxicated or asleep, or otherwise appeared unable to appreciate or avoid the danger.  Thus, the engineer had the right to assume that Decedent would exercise her senses and step out of the way of danger before the train reached her.  Furthermore, the Complaint does not allege facts showing that the engineer acted in accordance with Amtrak's alleged policy on the day of the incident, or that any such policy directed the engineer to deliberately continue toward a person known to be unable to leave the tracks.  Plaintiffs' allegations therefore do not plausibly show willful, wanton, or reckless conduct based on the engineer's alleged failure to stop the train before striking Decedent.

Accordingly, because neither theory plausibly alleges willful, wanton, or reckless conduct under Kansas law, Plaintiffs fail to state their claims against Amtrak and BNSF.  Amtrak and BNSF's motions to dismiss are therefore granted.[21]

Lastly, the Court notes that Plaintiffs include a footnote in their responses to Amtrak and BNSF's motions to dismiss requesting leave to amend their Complaint to add allegations of willful and wanton conduct if the Court dismisses their claims.  In that same footnote, Plaintiffs

---

[19] Doc. 1-1 ¶¶ 20, 27.

[20] *Campbell v. Kansas City, Ft. S. & M.R. Co.*, 40 P. 997, 998 (Kan. 1895); *Weir v. Kansas City Rys. Co.*, 196 P. 442, 443 (Kan. 1921) ("The plaintiff was of mature years, and, although close to the danger line, she was apparently capable of taking care of herself, and, unless it was apparent that she was unaware of the danger or unable to protect herself, the motorman had the right to assume that she would withdraw to a place of safety.").

[21] In support of their motions to dismiss, Amtrak and BNSF seek leave to conventionally file, and to file under seal, a video recorded from the front of the Amtrak train depicting the incident giving rise to this case. Because resolution of the motions to dismiss did not require consideration of the video, their motion to conventionally file the exhibit and the motion to file it under seal are denied as moot.

alternatively request time to conduct discovery to determine whether Amtrak or BNSF knew of Decedent's presence and failed to exercise reasonable care for her safety. The Court denies both requests.

First, Plaintiffs' request for leave to amend is procedurally improper. The Tenth Circuit has explained that "a district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggests she should be allowed to amend if the court concludes her pleadings are infirm."[22] This is because "a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."[23] Plaintiffs have not filed a motion for leave to amend, identified the specific allegations they would add, or attached a proposed amended complaint. Nor have they complied with D. Kan. Rule 15.1, which requires a party seeking leave to amend to file a motion that includes "a concise statement of the amendment" and to attach the proposed pleading. Plaintiffs' bare request for leave to amend is therefore denied.

Second, Plaintiffs' alternative request for discovery fares no better. Plaintiffs seek discovery to determine whether facts exist that could support a plausible claim. But Plaintiffs have it backward: they are not entitled to discovery unless and until they plausibly state a claim for relief. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[24] As previously explained, Plaintiffs have not plausibly alleged that Amtrak or BNSF breached any duty owed to Decedent under Kansas law. Therefore, Plaintiffs

---

[22] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020).

[23] *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see Khan v. White*, 35 F. App'x 849, 850 (10th Cir. 2002) (affirming dismissal of a plaintiff's complaint and rejecting his argument "that discovery would have permitted him to learn facts to substantiate some of his claims").

are not entitled to discovery to search for facts that might cure that pleading deficiency. Plaintiffs' request for discovery is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Amtrak's Motion to Dismiss (Doc. 13) and BNSF's Motion to Dismiss (Doc. 14) are **granted**.

**IT IS FURTHER ORDERED** that Amtrak and BNSF's Motion to Conventionally File an Exhibit to Defendants' Motions to Dismiss (Doc. 15) and Motion to Seal an Exhibit to Defendants' Motions to Dismiss (Doc. 16) are **denied as moot**.  The Clerk is directed to terminate Amtrak and BNSF from this action.

**IT IS SO ORDERED.**

Dated: May 18, 2026

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE